NOT DESIGNATED FOR PUBLICATION

No. 121,889

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HARVEY JOHNSON,
*Appellant*,

v.

DAN SCHNURR, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed April 24, 2020. Affirmed.

*Harvey Johnson*, appellant pro se.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, for appellees.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: Harvey Johnson, acting pro se, appeals the summary dismissal of his K.S.A. 60-1501 motion. In that motion, he argued that the Kansas Department of Corrections (KDOC) wrongly denied him program credits. Nevertheless, because Johnson has not established error, we affirm.

Johnson was convicted of a crime committed in 2006. Based on the record on appeal, it is unclear what crime Johnson committed in 2006. Even so, it seems that in 2010, while on postrelease supervision for his 2006 criminal case, Johnson committed a

1

new crime. It is also unclear what crime Johnson committed while on postrelease supervision in 2010.

It seems that when the district court sentenced Johnson for his new crime, it aggregated his remaining term of imprisonment in his 2006 criminal case with his new term of imprisonment in his 2010 criminal case. Under the KDOC's regulations, an "aggregated sentence" exists when the district court runs a defendant's sentences consecutively. K.A.R. 44-6-101(b)(3), (5).

Several years after his sentencing in the 2010 case, Johnson asked the KDOC to give him 120 program credits; these program credits would reduce his time spent in prison before becoming eligible for postrelease supervision in his 2010 criminal case. Johnson relied on the KDOC's Internal Management Policy and Procedure (IMPP) 11-123 II.A.1, which stated that offenders serving sentences for crimes "committed on or after January 1, 2008, and before July 1, 2012, that include only Non-drug Grid level 4 through 10 offenders and Drug Grid level 3 and 4 offenses" were entitled to program credit. Johnson argued that he was eligible for program credit under IMPP 11-123A II.A.1. because only his 2010 criminal case sentence remained active as he had served his maximum possible prison sentence for his 2006 criminal case.

The KDOC denied Johnson's program credit request because Johnson's 2006 and 2010 criminal cases were aggregated. According to the KDOC, this meant that Johnson was still serving the sentence for his 2006 criminal case. On that basis, Johnson was still serving a sentence for a crime committed before January 1, 2008, making him ineligible for program credit under IMPP 11-123A II.A.1.

Next, Johnson asked the district court for relief under K.S.A. 60-1501, repeating the same arguments he made before the KDOC. The State responded that the district court should dismiss Johnson's K.S.A. 60-1501 motion because Johnson's 2006 criminal

2

case remained active based on the sentencing court's aggregation of Johnson's sentences in his 2006 and 2010 criminal cases.

The district court agreed with the State, dismissing Johnson's K.S.A. 60-1501 motion:

"After reviewing the new pleadings and hearing argument of the parties, the Court believes petitioner's argument can be summarized as his belief that when he has served what petitioner regards as the maximum term on his 2006 case that the case should be regarded as 'inactive' on his record so that he will then be eligible for his program credit to be applied against his 2010 sentence.

"Respondent attached the response of the sentence computation unit that recites that petitioner's 2006 case was aggregated with his 2010 sentence so that petitioner's entire sentence must be served rather than only the portion remaining to be served on the 2006 case sentence.

"The Court then concludes that petitioner is still serving on his aggregated sentence, which makes him ineligible for program credit."

Johnson timely appealed.

*Did the District Court Err by Dismissing Johnson's K.S.A. 60-1501 Motion?*

Appellate courts exercise unlimited review when considering the summary dismissal of a K.S.A. 60-1501 motion. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). To succeed on a K.S.A. 60-1501 motion, the movant must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 289 Kan. at 648. "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49.

3

On appeal, Johnson continues to argue that the KDOC wrongly denied him 120 days of program credits. Based on this belief, Johnson argues that this court should reverse the dismissal of his K.S.A. 60-1501 motion and order the district court to award him 120 days of program credit. Yet, there are significant problems with Johnson's argument.

To begin with, the State correctly points out that Johnson has not complied with Kansas Supreme Court Rule 6.02(a)(4) (2019 Kan. S. Ct. R. 34). Rule 6.02(a)(4) provides that an appellant's brief must include "[a] concise but complete statement, without argument, of the facts that are material to determining the issues to be decided in the appeal. The facts included in the statement must be keyed to the record on appeal by volume and page number." And when an appellant does not comply with Rule 6.02(a)(4), "[t]he court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." 2019 Kan. S. Ct. R. 35. In other words, this court presumes that an appellant's factual statement is unsupported when that appellant violates Rule 6.02(a)(4).

Here, Johnson has clearly violated Rule 6.02(a)(4). Although Johnson cites to the appendix he attached to the end of his brief, he never cites to the record on appeal. Moreover, we note that Johnson's reliance on his appendix did not relieve Johnson of his burden to cite to the record on appeal. See Rule 6.02(b) (2019 Kan. S. Ct. R. 35) (stating that "[w]hen an appendix is included, the statement of the case and the brief may make references to it, but the references are supplementary—and not in lieu of—the required references to the volume and page number of the record itself."). So, we may presume that each of Johnson's factual statements are without support. To that end, Johnson has provided no evidentiary support for his argument that the district court wrongly dismissed his K.S.A. 60-1501 motion.

Next, notwithstanding this problem, the record Johnson has included on appeal is inadequate. An appellant must designate a record on appeal to establish error. Without such a record, the appellant's claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). The documents included in the record on appeal indicate that Johnson committed a crime in 2006 and a crime in 2010, for which he is serving consecutive sentences. But Johnson has not included the district court's journal entries of judgments sentencing him for his 2006 and 2010 criminal cases in the record on appeal. Indeed, nothing in the record on appeal addresses what crimes Johnson committed in 2006 and 2010.

Under the KDOC rule Johnson cites—IMPP 11-123A II.A.1., offenders may be eligible for program credits only if they have committed crimes "on or after January 1, 2008, and before July 1, 2012, that include only Non-drug Grid level 4 through 10 offenders and Drug Grid level 3 and 4 offenses." Because Johnson here includes no information regarding what crimes he committed, it is unclear whether Johnson's 2010 conviction was for a "Non-drug Grid level 4 through 10 offenders [or] Drug Grid level 3 and 4 offenses." Thus, Johnson's claim that the KDOC wrongly denied his program credit also fails because we cannot determine if Johnson is eligible for program credit under IMPP 11-123A II.A.1. based on the documents Johnson included in the record on appeal.

Finally, even if we ignored the preceding problems with Johnson's brief and record on appeal, Johnson's argument is unpersuasive. In *Anderson v. Bruce*, 274 Kan. 37, 49, 50 P.3d 1 (2002), Anderson committed a new crime while on parole. At sentencing for his new crime, the district court aggregated Anderson's prison sentence for his new crime with his remaining prison sentence on his original crime. Anderson moved for relief under K.S.A. 60-1501, arguing that he had completed the sentence for his original crime. Based on this, Anderson asserted that the KDOC had to recalculate his "parole eligibility, conditional release, and sentence term." 274 Kan. at 48. Our Supreme Court held that although aggregated sentences "retain [their] individual identit[ies]," the KDOC did not

5

have to "unaggregate[]" Anderson's sentences "for the purpose of sentence recalculation." 274 Kan. at 50. Our Supreme Court noted that no statute or KDOC regulation supported Anderson's argument. And thus, it rejected Anderson's argument because there was no "mechanism for recalculation of parole eligibility, conditional release, and maximum dates after service of the maximum time on the first offense." 274 Kan. at 50.

Even though the *Anderson* case did not involve program credits, the *Anderson* court's holding is applicable to Johnson's case. In *Anderson*, our Supreme Court explained that there was no "mechanism for recalculation of parole eligibility, conditional release, and maximum dates after service of the maximum time on the first offense." 274 Kan. at 50. Here, no statutes or regulations exist for the recalculation of an offender's program credit eligibility. That is, there is no mechanism to recalculate program credit eligibility even when the offender has served his or her maximum time on his or her first aggregated offense. Taking guidance from *Anderson*, we hold that because no mechanism exists to recalculate Johnson's program credit eligibility, Johnson is not entitled to recalculation of his program credit eligibility.

Indeed, we further note that IMPP 11-123A II.B. explicitly provides that, absent certain exceptions, "if any portion of the offender's composite sentence does not qualify for program credits," then "the offender's entire sentence is [to] be ineligible for such credits." And the KDOC regulations define "composite sentence" as meaning "any sentence formed by the combination of two or more sentences." K.A.R. 44-6-101(b)(1). As a result, we further hold that because Johnson's aggregated sentences for his 2006 and 2010 crimes constituted a composite sentence, he is not entitled to recalculation of his program credit eligibility.

Affirmed.

6